# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary, § <br> United States Department of Labor § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> TIME WARNER CABLE SAN ANTONIO, § <br> L.P. and TIME WARNER CABLE, INC., § <br> § <br> *Defendants*. § | Civil Action No.  No. 10-CA-0231 XR |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendants' Motion to Dismiss (Docket Entry No. 3). Having considered the motion and Plaintiff's filings in this suit, the Court hereby DENIES Defendants' motion.

## Background

The Plaintiff, Hilda Solis, Secretary of the United States Department of Labor, brings this action on behalf of the employees listed in Exhibit A of Plaintiff's Amended Complaint.  Plaintiff seeks an injunction against Defendants Time Warner Cable San Antonio, L.P. and Time Warner Cable, Inc. (collectively "Time Warner"), alleging that they have violated the overtime and minimum wage provisions of the Fair Labor Standards Act (FLSA) and the record-keeping provisions of the FLSA.

## Procedural History

Defendants moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure on June 15, 2010.[1] Plaintiff subsequently amended the complaint as a matter of course pursuant to Rule 15(a)(1)(B).[2]

## Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of [each] claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). The purpose of Rule 8 is to require parties to state their claims with sufficient clarity "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests' . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)).

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

To survive a Rule 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The plaintiff must plead facts sufficient to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[1] Defs.' Mot. to Dismiss, Jun. 15, 2010 (Docket Entry No. 3).

[2] Pl.'s 1st Am. Compl., Jul. 9, 2010 (Docket Entry No. 5). The amended complaint was timely in accordance with Rule 15(a)(1)(B) (allowing amendment of pleading within 21 days after service of a motion under Rule 12(b)), Rule 6(a) (regarding the calculation of deadlines), and Rule 6(d) (regarding additional time after certain kinds of service).

the misconduct alleged." *Ashcroft v. Iqbal*, -- U.S. ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**Analysis**

Plaintiff's amended complaint resolves the issues raised in Defendants' motion to dismiss. Defendants argued that the original complaint contained "conclusory, boilerplate allegations" that were nothing more than a "formulaic recitation of the elements of claims for violation of the FLSA's minimum wage, overtime and record keeping requirements, followed by conclusory statements that Defendants violated the FLSA." (Mot. at 2–3 (internal quotation marks omitted).) Plaintiff's amended complaint identifies the employees related to the claim, their job duties, their job titles, and how they were paid. (Pl.'s 1st Am. Compl. at 2–3.) The amended complaint also states that the employees were not required to record the actual number of hours worked each week. (*Id.* at 3.) While the original complaint contained conclusory statements that tracked the language of the statute, the amended complaint provides Defendants with a short plain statement of the facts to place them on notice as to which facts constitute the basis for Plaintiff's claims and which individuals and policies form the basis of those claims.

*A.  Overtime Allegations*

Title 29, Section 207(a)(1), of the U.S. Code forbids an employer from having an employee work "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Section 215(a)(2) makes it unlawful for any person to violate Section 207. *Id.* § 207(a)(1). Title 29, Section 216, provides that any

3

employer who violates the FLSA shall be liable for "unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." *Id*. at § 216(b). Section 216 also provides that "[a]ny person who repeatedly or willfully violates Section 206 or 207, relating to wages, shall be subject to a civil penalty not to exceed $1,100 for each such violation." *Id*. § 216(e)(2).

In this case, Plaintiff has alleged sufficient facts to survive Time Warner's motion to dismiss pursuant to 12(b)(6). Time Warner asserts that Plaintiff's FLSA claim should be dismissed because her overtime allegations were insufficient. Citing *Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa Mar. 20, 2008), Time Warner maintains that Plaintiff failed to provide approximate hours for which wages were not received. However, this case is distinguishable from *Jones* because in that case, the plaintiffs alleged that certain hours that they worked went entirely unpaid. *Id*. The court determined that this allegation was insufficient to survive a 12(b)(6) motion because an employer does not violate the FLSA as long as the employee's weekly wage meets the minimum weekly requirements of the statute. *Id*.

In the current case, Plaintiff's amended complaint alleges that the listed employees were employed as Field Collectors and No-Pay Disconnectors by Time Warner, and that since May 1, 2007, these employees "routinely worked more than 40 hours per workweek, and in many workweeks in excess of 60 hours per workweek" without paying the overtime premium. (Pl.'s 1st Am. Compl. at 3.) The amended complaint alleges the approximate hours worked for which wages were not received and provides employees' identities. If the Plaintiff's allegations are taken as true, then the Plaintiff is entitled to relief and dismissal is inappropriate on this issue.[3] Moreover, "[i]t

---

[3]Time Warner's reliance on *Acosta v. Yale Club of New York City*, 94 CIV. 0888, 1995 WL 600873, at *4 (S.D.N.Y. Oct. 12, 1995) is inapplicable. In that case, the plaintiff alleged that his employer failed to pay him the overtime rate when he worked more than 8 hours in one work

cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records." *Acho v. Cort*, No. C 09-00157 MHP, 2009 WL 3562472, at *3 (N.D. Cal. Oct. 27, 2009).

Additionally, Rule 8 of the Federal Rules of Civil Procedure merely requires a "short and plain statement" to put the defendants on notice. FED. R. CIV. P. 8(a)(2). In *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009), the plaintiffs' complaint asserted that "they were classified as nonexempt, that they regularly worked more than 40 hours per workweek, and they were not paid time-and-a-half for those overtime hours." The court found that these were factual allegations rather than legal conclusions and, if proven, would entitle plaintiffs to relief. *Id*. The court stated that even though the complaint was not "replete with factual allegations," the plaintiffs' allegations placed the defendant on notice that the claim involved unpaid overtime under the FLSA. *Id*; *see also Qureshi v. Panjwani*, No. H-08-3154, 2009 WL 1631798, at *3 (S.D. Tex. Jun. 9, 2009) (plaintiffs' allegations that "they were required to work in excess of a forty-hour week without overtime compensation, and that they were employed by the defendants" were sufficient to state a claim under the FLSA); *McCollim v. Allied Custom Homes, Inc.*, No. H-08-3754, 2009 WL 1098459, at *3 (S.D. Tex. Apr. 23, 2009) (same).

Plaintiff's amended complaint provides Time Warner with notice of the Plaintiff's legal theory. Because the Plaintiff has provided an approximate time period during which the listed

---

day. *Id*. The court dismissed his FLSA claim, finding that "[p]laintiff's allegations amount to nothing more than a hodgepodge of individual instances where waiters were not paid for extra hours worked on a given day. Such allegations do not adequately state a claim under . . . FLSA." *Id*. The court concluded that the FLSA does not require overtime for hours in excess of eight per day, rather, plaintiffs must allege that they worked more than 40 hours in a workweek without overtime compensation. *Id*. at 4.

employees were employed by Time Warner and the approximate number of overtime hours they worked each week without receiving overtime pay, the amended pleading provides adequate factual grounds supporting the Plaintiff's FLSA claims. Therefore, Defendants' motion to dismiss with respect to this issue is denied.

## B. Record-keeping Allegations

Section 211(c) requires every employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c). In her amended complaint, the Secretary alleges that "Defendants admitted that they did not keep records of hours worked for employees paid on a commission basis." (Pl.'s 1st Am. Compl. at 3.) Plaintiff also alleges that Defendants failed to keep records of "the hours worked each day and the total hours worked each week by many of their employees." (*Id*. at 4.) Taking the allegations as true, Plaintiff has provided sufficient facts to survive defendant's 12(b)(6) motion. For the same reasons explained above concerning Plaintiff's overtime and minimum allegations, Defendant's motion to dismiss concerning Plaintiff's record-keeping claim is denied.

## Conclusion

Plaintiff has alleged enough facts that, if true, would require relief. Therefore, Defendants' motion to dismiss concerning Plaintiff's overtime and record-keeping claims under the FLSA is DENIED.

It is so ORDERED.

SIGNED this 13th day of July, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE